NORTHTOWN TRANSIT MIX, INC., *v.* MANUFAC-
TURERS NATIONAL BANK OF DETROIT

Appeal from Oakland, Robert L. Templin, J.
Submitted Division 2 February 5, 1970, at Lansing.
(Docket No. 6;542.)  Decided February 23, 1970.

Complaint by Northtown Transit Mix, Inc., a
Michigan corporation, against Manufacturers Na-
tional Bank of Detroit, a national banking associa-
tion, to enjoin a foreclosure action.  LeRoy Hosner
intervened as a defendant and counterclaimed
against plaintiff.  Motion to dismiss granted.  Inter-
vening defendant appeals.  Affirmed.

*Bodman, Longley, Bogle, Armstrong & Dahling*
(*Alfred C. Wortley, Jr.,* and *Carson C. Grunewald,*
of counsel), for defendants.

*Eliot Charlip,* for intervening defendant.

Before: LESINSKI, C. J., and McGREGOR and V. J.
BRENNAN, JJ.

PER CURIAM.  Plaintiff Northtown Transit Mix,
Inc. (hereinafter Northtown) filed the instant suit
to enjoin defendant Manufacturers National Bank
(hereinafter the Bank) from proceeding with its
foreclosure action commenced after the Bank had
declared a secured loan it had made Northtown in de-
fault.  Appellant LeRoy Hosner, surety for the loan,
moved to intervene as defendant.  The motion was

granted and Hosner filed an answer and counter-
claim against Northtown. Hosner also obtained
writs of garnishment which the circuit court later
dismissed. Subsequently, the original parties
reached an agreement and joined in a motion to dis-
miss. Hosner objected. The motion was granted,
but without prejudice to Hosner's counterclaim.

Hosner brings this appeal as of right. The Bank
has filed a motion to dismiss or affirm pursuant to
GCR 1963, 817.5(1), (3).

Hosner's appeal from the order dismissing the
writs of garnishment is not before the Court because
an appeal from that order was not taken within the
time allowed by GCR 1963, 803.1.

It is Hosner's position on appeal, without citation
of authority, that the dismissal below was "clearly
prejudicial" to his counterclaim against Northtown
and was injurious to his rights as surety. Hosner
does not give any reasons why the dismissal was
prejudicial to his counterclaim and our review of the
record does not disclose any reason. Moreover, the
trial court's judgment of dismissal specifically pro-
vides: "that the counterclaim of intervening de-
fendant shall be dismissed *without prejudice.*"
(Emphasis supplied.)

Hosner also fails to explain why the dismissal in-
jured his position as surety and does not allege that
the actions taken by the Bank toward settlement with
Northtown were contrary to the provisions of its
contract with Hosner. Also, it appears that the
actions were actually beneficial to Hosner's position
of surety.

A review of the record and an examination of the
briefs make it manifest that the questions sought
to be reviewed are without merit.

Affirmed.